**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAKUR ALLEN,** | : | **CASE NO.: 4:25-cv-1590** |
| | : | |
| **Plaintiff,** | : | **JUDGE JOHN R. ADAMS** |
| | : | |
| v. | : | |
| | : | **AMENDED COMPLAINT; JURY** |
| **CORECIVIC, INC.** | : | **DEMAND ENDORSED HEREON** |
| | : | |
| **Defendant.** | : | |
| | : | |

Now comes Plaintiff, by and through counsel, and for his Amended Complaint states as follows:

## PARTIES

1.      Plaintiff is an adult male prison inmate.

2.      Defendant is a for-profit corporation, registered to do business in Ohio, which owns and operates a correctional facility in Ohio known as Northeast Ohio Correctional Center ("NEOCC").

## JURISDICTION AND VENUE

3.      This case was removed to this Court by Defendant pursuant to diversity jurisdiction.

4.      Plaintiff's claims are based on Ohio law for negligence.

## FACTS

5.      On or about March 7, 2025, Plaintiff was housed at NEOCC under the care and custody of Defendant.

6.      At around 4:30 p.m. on that day, two inmates entered Plaintiff's cell and demanded money from Plaintiff, threatening to kill him if he did not send money to them.

7. The inmates tied Plaintiff's legs, repeatedly kicked and punched him, and poked him with a contraband knife. The inmates stabbed Plaintiff in his hand and left buttock, and penetrated his rectum with both the knife and a finger. The inmates cut the tops of Plaintiff's ears, slashed his face and ripped out some of his dreadlocks. They slammed his head into the concrete.

8. The inmates livestreamed the attack on a contraband cell phone, forcing Plaintiff to make defamatory and humiliating statements for the audience while being slapped and punched.

9. The inmates forced Plaintiff to call his girlfriend and family to send money to save him from further beatings and abuse. Plaintiff's girlfriend and family were coerced to cooperate with the extortion by sending $3,490 to a CashApp account of the inmates.

10. The incident lasted about an hour and was visible and audible to anyone standing outside or near Plaintiff's cell.

11. No representative of Defendant came to Plaintiff's aid or made any attempt to prevent the ongoing attack, despite its conspicuous nature and the fact that jail procedures required constant supervision of housing areas and frequent checks of inmate cells.

12. After the inmates left Plaintiff's cell, Plaintiff was alone the rest of the evening, with no aid or assistance from Defendant.

13. It was not until the next morning, when Plaintiff's family contacted Defendant to conduct a welfare check of Plaintiff, that Plaintiff was discovered with serious injuries.

14. When found the next morning, Plaintiff had two swollen eyes, a possibly fractured right hand, and abrasions.

15. Plaintiff reported that he had been physically and sexually assaulted.

16. Yet Defendant failed to send Plaintiff to the hospital for an extended period of time.

17. As a direct and proximate result of Defendant's omissions, Plaintiff incurred the physical injuries described above and continues to suffer from severe psychological effects, including terror, nightmares, suicidal ideation, humiliation, depression, anxiety and other pain and suffering.

**CAUSE OF ACTION - NEGLIGENCE**

18. Violence between prison inmates is entirely foreseeable; indeed, it is expected.

19. The use of contraband by inmates to harm other inmates is entirely foreseeable; indeed, it is expected.

20. Plaintiff was captive at NEOCC among violent inmates, with Defendant being his only means of protection.

21. Defendant had a duty to protect Plaintiff from foreseeable harm.

22. Such duty included: adopting, implementing and enforcing policies and procedures for supervision of inmates and prevention of violence; preventing the possession and use of contraband by inmates; and adequately training staff on policies and procedures and holding staff accountable for failing to abide by the policies and procedures.

23. The harm which occurred to Plaintiff was entirely foreseeable in an environment where inmates are not adequately supervised, staff are not sufficiently trained, possession and use of contraband by inmates is not prevented, and inmates are not protected from violence perpetrated by other inmates.

24. The injuries and harm committed upon Plaintiff were the proximate result of Defendant's breach of its duty for failing to train and supervise its personnel, failing to supervise

and control the inmates in its custody, failing to prevent the possession of contraband which can be used to harm fellow inmates, and failing to protect Plaintiff from foreseeable and preventable harm.

25.     But for Defendant's negligent supervision of housing areas and cells, the lengthy abuse could not have occurred.

26.     But for Defendant's negligent training of its personnel, the negligent supervision of housing areas and cells could not have occurred.

27.     But for Defendant's negligent failure to prevent the possession of contraband by inmates, the extended and harmful session of torture could not have occurred.

28.     Furthermore, Defendant's omissions demonstrated such reckless disregard for the welfare of Plaintiff as to justify punitive damages and reimbursement of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant for compensatory damages greatly in excess of $75,000, reasonable attorneys' fees, punitive damages, prejudgment interest and post judgment interest, and costs.

Respectfully submitted,

/s/ Konrad Kircher_____
Konrad Kircher (0059249)
KIRCHER LAW, LLC
312 Walnut St., Suite 1600
Cincinnati, OH 45202
Tel: 513-218-1252
Fax: 513-586-0840
konrad@kircher.law
*Counsel for Plaintiff*

4

## JURY DEMAND

Plaintiff hereby demands trial by a jury of his peers as to all issues so triable herein.

/s/ Konrad Kircher
Konrad Kircher  (0059249)

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed with the Court and a copy will be provided to counsel of record through the ECF system.

/s/ Konrad Kircher
Konrad Kircher  (0059249)